## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JOHN CRAIG FIRST et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-0006-O** |
| | § | |
| **AGCO CORPORATION et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANUM OPINION AND ORDER</u>

Before the Court are Plaintiff's Post Verdict Briefing (ECF No. 264), filed October 31, 2022; Defendant's Response (ECF No. 267), filed November 21, 2022; and Plaintiff's Reply (ECF No. 268), filed December 5, 2022. Also before the Court are Defendant's Consolidated Post-Trial Brief and Motions for Judgment as a Matter of Law (ECF No. 265), filed October 31, 2022; Plaintiff's Response and Objection (ECF No. 266), filed November 21, 2022; and Defendant's Reply (ECF No. 269), filed December 5, 2022. For the reasons contained herein, the Court hereby enters judgment in favor of Defendant on all three claims.

## I.    Background Information

Defendant Rolling Plains Implement Company, Inc. is a farm implement dealer located in Vernon, Texas. Plaintiff, John Craig First, is an Oklahoma resident who is a custom harvester.

In 2015, Plaintiff began looking at a used Combine on the yard at Defendant's property. This Combine was a 2009 AGCO Gleaner. Plaintiff decided to purchase the Combine and a header in the Spring of 2016. The Combine had a new engine put in it prior to the sale. Therefore the "engine hours" were different than the "machine hours."

According to Plaintiff, he immediately began having troubles with the Combine. After years of purported problems, Plaintiff initiated a legal action in the District Court of Oklahoma

County on September 17, 2020. That action was removed to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1332. Subsequently, the Court for the Western District of Oklahoma transferred the case to this Court for further proceedings.

This matter was tried before a jury on March 14 and 15, 2022. Following the close of evidence on March 15, 2022, the Court instructed the jury on three theories of relief raised by Plaintiff: (1) Fraud, (2) Failure of Essential Purpose under Oklahoma's Uniform Commercial Code (UCC), and (3) Breach of Warranty.[1] The Court also instructed the jury to make a determination, based upon the evidence, as to when John Craig First knew or reasonably should have known as to the existence of each of those claims.[2] The jury returned a verdict in the afternoon of March 15, 2022.[3]

Regarding Plaintiff's fraud claim, the jury found in the favor of Plaintiff, but the jury affixed $0 for punitive damages.[4] The jury also found that Plaintiff knew or reasonably should have known of the fraud claim by April 13, 2017.[5] Regarding Plaintiff's failure of essential purpose claim, the jury found in favor of Plaintiff.[6] The jury also found that Plaintiff knew or reasonably should have known of the failure of essential purpose claim by April 13, 2017.[7] Regarding Plaintiff's breach of warranty claim, the jury found in favor of Defendant. The jury affixed damages at an amount of $96,000.[8]

---

[1] Jury Charge, ECF No. 241.
[2] Verdict, ECF No. 244.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

The parties appeared for a post-trial settlement conference before United States Magistrate Judge Ray on September 23, 2022.[9] The parties were unable to settle.[10] Accordingly, the Court ordered the parties to file briefing on the remaining post-trial issues.[11] Plaintiff filed his Post Verdict Briefing on October 31, 2022.[12] Defendant responded on November 21, 2022.[13] Plaintiff filed its reply to Defendant's response on December 5, 2022.[14] Defendant filed its Consolidated Post-Trial Brief and Motions for Judgment as a Matter of Law on October 31, 2022.[15] Plaintiff responded on November 21, 2022.[16] Defendant replied on December 5, 2022.[17] The issues are now ripe for the Court's review.

## II.    Legal Standard

Under Rule 50, a party may move for judgment as a matter of law at any time before a case is submitted to the jury. FED. R. CIV. P. 50(a)(2). A court should grant judgment as a matter of law when a reasonable jury would have no "legally sufficient evidentiary basis to find for the party on" an issue on which that party has been fully heard. *Id.* at 50(a)(1). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." *Id.* at 50(b). A party may then renew the motion under Rule 50(b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

---

[9] Minute Entry, ECF No. 260.
[10] *Id.*
[11] Order, ECF No. 263.
[12] Pl. Brief, ECF No. 264.
[13] Def. Resp., ECF No. 267.
[14] Pl. Reply, ECF No. 268.
[15] Def. Brief, ECF No. 265.
[16] Pl. Resp., ECF No. 266.
[17] Def. Reply, ECF No. 269.

In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 150 (citation and internal quotation marks omitted). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

### III.   Analysis

#### a.   Fraud

Regarding Plaintiff's fraud claim, Defendant contends that Plaintiff's fraud claim was barred by the statute of limitations.[18] Under Oklahoma law, an action for fraud must be brought within two years after the fraud is discovered. 12 O.S. § 95(A)(3). However, the "discovery rule" applies, wherein the statute of limitations is tolled "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action." *Lovelace v. Keohane*, 1992 OK 24, 831 P.2d 624, 629 (Okla. 1992). Therefore, applying the discovery rule, to be timely, Plaintiff needed to bring his fraud claim within two years of the date he actually knew about the fraud, or within two years of the date that, by the exercise of reasonable diligence, he should have known about the fraud. At trial, the jury concluded that Plaintiff knew or reasonably should have known of the existence of his fraud claim on or before April 13, 2017.[19] Plaintiff does not appear to contest that if April 13, 2017 is the date by which he knew or reasonably should have known of the fraud claim, his fraud claim would be barred under Oklahoma law. Plaintiff filed his initial Petition in Oklahoma state court on September 17, 2020.[20]

---

[18] Def. Brief 5, ECF No. 265.
[19] Def. Brief 5, ECF No. 265.
[20] Pl. Orig. Pet., ECF No. 1-1.

Therefore, using the date determined by the jury, the Court holds that Plaintiff's fraud claim is barred by the statute of limitations.

***

Plaintiff does contend, however, that the jury's finding that April 13, 2017 was the date by which Plaintiff knew or reasonably should have known of the fraud claim is arbitrary and capricious and should be set aside.[21] Plaintiff contends that because of this, he is entitled to a new trial.[22] Defendant responds that the jury's determination of April 13, 2017 was not arbitrary or capricious, but rather, was made upon the jury's review of the entire body of evidence.[23]

The Supreme Court has made clear "[i]t is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts." *Tennant v. Peoria & P. U. Ry. Co.*, 321 U.S. 29, 35 (1944). "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* (citations omitted); *see also Gibson Brands, Inc. v. Armadillo Distrib. Enter., Inc.*, No. 4:19-CV-00358, 2023 WL 2815156, at *11 (E.D. Tex. Apr. 6, 2023) ("the Court must only overturn the jury's verdict if there is legally insufficient evidence to support the jury's findings."). "However, a verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *United States v. Pettigrew*, 77 F.3d 1500, 1521 (5th Cir. 1996).

Plaintiff highlights that, at trial, the Court advised the jury that Plaintiff first learned the engine actually had 900 miles on it in August 2019.[24] Plaintiff contends that, in the absence of

---

[21] Pl. Resp. 7, ECF No. 266; Pl. Brief 7, ECF No. 264; Pl. Reply 6, ECF No. 268.
[22] *Id.*
[23] Def. Resp. 12, ECF No. 267.
[24] Pl. Brief 7, ECF No. 264.

conflicting evidence as to when Plaintiff learned the engine hours were 990, the jury was bound to accept Plaintiff's undisputed testimony.[25] However, the statute of limitations began running on the date Plaintiff either knew *or reasonably should have known* of the fraud. While the jury may have been bound to accept that Plaintiff actually knew of the engine's mileage in August 2019, the jury was at liberty to find, if supported by the evidence presented, that Plaintiff reasonably should have known of the engine's true mileage at an earlier date.

Reviewing the evidence presented at trial, Plaintiff first expressed interest in the Combine and began checking out its function in fall of 2015.[26] Plaintiff testified that he was made aware the engine had been replaced in fall of 2015.[27] Plaintiff purchased the Combine on March 29, 2016.[28] On April 5, 2016, the Parties entered into a Retail Installment Contract and Security Agreement.[29] As part of the purchase, Plaintiff received a free promotional one-year Extended Warranty from AGCO Corporation that covered the "Powertrain Plus Major Components" of the Combine.[30] The Extended Warranty expired on April 13, 2017, or when the engine showed as having 838 total engine hours, whichever occurred first.[31] On or around April 13, 2016, Plaintiff took possession of the Combine and testified that he began having problems with it shortly thereafter.[32] Plaintiff's witness, Mr. Virgil Berry, testified that Plaintiff knew there were issues with the Combine by May 30, 2016, testifying that there were "gremlins in the machine" that turned into "demons" by Memorial Day 2016.[33] Despite these issues, Plaintiff used the Combine for the 2016, 2017, 2018,

---

[25] *Id.* at 8 (citing *Chesapeake & O. Ry. Co. v. Martin*, 283 U.S. 209 (1931)).
[26] Def. Resp. 12, ECF No. 267.
[27] *Id.* at 13.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*

and 2019 harvest seasons, until the machine blew a rod in the engine in August 2019.[34] Therefore, the jury was presented evidence of the full timeline of Plaintiff's issues with the Combine.

The jury found that Plaintiff knew or reasonably should have known of the Combine's true engine mileage by April 13, 2017, when the Extended Warranty expired. By that time, the evidence presented to the jury shows that Plaintiff had already began experiencing issues with the machine. The Court finds that there is sufficient evidence to support the jury's finding that Plaintiff knew or reasonably should have known of the facts giving rise to the fraud claim by April 13, 2017. The Court thus finds that this date should not be set aside, and Plaintiff's fraud claim is barred by the statute of limitations. Therefore, judgment on the fraud claim must be entered in favor of Defendant.

### b.  Failure of Essential Purpose

Defendant next claims it is entitled to judgment as a matter of law on Plaintiff's failure of essential purpose claim because (1) the claim is barred under the statute of limitations; and (2) the sale was "as is, where is" and that there was no agreement, express or implied, for limitations or liquidation of damages between Defendant and Plaintiff.[35]

Beginning with Defendant's second argument, Defendant contends that the Court should enter judgment in its favor because the sale was "as is, where is," and Defendant made no warranty to Plaintiff in the sale of the Combine.[36] In the Court's prior order on Defendant's Motion for Summary Judgment, the Court declined to grant summary judgment on Plaintiff's failure of essential purpose claim, reasoning that if the jury found that Defendant had breached a warranty

---

[34] *Id.*
[35] Def. Brief 10–12, ECF No. 265.
[36] Def. Brief 12–16, ECF No. 265. Defendant acknowledges that AGCO Corporation offered Plaintiff a warranty, but Defendant avers it offered no warranty. *Id.* at 12.

of description, repair is an inadequate remedy.[37] At trial, the jury found that Defendant did not breach any warranty to Plaintiff. Therefore, Plaintiff's failure of essential purpose claim must fail as a matter of law.

### c. Breach of Warranty

It appears that neither party contests the jury's verdict that Defendant did not breach any warranty to Plaintiff. Therefore, in accordance with the jury verdict, the Court enters judgment in favor of Defendant on this claim.

## IV. Conclusion

Accordingly, Defendant Rolling Plains is the prevailing party on all three theories of relief argued by Plaintiff. Therefore, pursuant to Federal Rule 54, Defendant is entitled to its costs to be determined upon application.

**SO ORDERED** on this **30th day of May, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[37] Order on Summary Judgment 19, ECF No. 220.