**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOHN CRAIG FIRST** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-CV-00006-O** |
| | § | |
| **AGCO CORPORATION, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court are Defendant AGCO Finance LLC's ("AGCO") Motion for Attorney's Fees (ECF No. 275), filed on June 13, 2023; Plaintiff John Craig First's ("Plaintiff") Response and Objection (ECF No. 325), filed on July 30, 2026; and Defendant's Reply (ECF No. 326), filed on August 7, 2026. Having considered the Motion, briefing, and applicable law, the Court **GRANTS** the Motion **in part**.

## I. BACKGROUND

This case arises out of the purchase of agricultural machinery. This case's long procedural history dates back to 2021. At various points, this litigation has involved causes of action for fraudulent inducement, negligence, violation of the Texas Deceptive Trade Practices Act, tort of civil conspiracy, tort of outrage, breach of the implied duty of good faith and fair dealing, breach of the warranty of description, and failure of essential purpose.[1]

Relevant here, on June 28, 2021, the Court entered an Order dismissing all of Plaintiff's claims against AGCO except for two claims: breach of the warranty of description and failure of

[1] *See generally* Am. Compl., ECF No. 55; Second Am. Compl., ECF No 120.

essential purpose.[2] Then, on March 4, 2022, the Court entered an Order granting AGCO's Motion for Summary Judgment as to all claims.[3] On May 30, 2023, the Court entered final judgment against Plaintiff as to his claims against AGCO.[4] Subsequently, AGCO filed its Motion for Attorney Fees.[5] Following Plaintiff's appeal, the Motion has now been briefed and is ripe for the Court's review.

## II. LEGAL STANDARD

To determine the appropriateness of an award of attorney's fees, district courts follow a two-step process. *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399–400 (5th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). At step one, the Court makes its "lodestar" calculation in which it determines the reasonable number of hours expended on the litigation and the reasonable hourly rate to be charged, then the Court multiplies the hours expended by the hourly rate. *Id.* In determining the reasonable hours expended, courts may accept the attorney's adequately documented billing records but must exclude any time deemed excessive, duplicative, or inadequately descriptive. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). At step two, the Court exercises its broad discretion to determine whether the lodestar should be adjusted upward or downward, taking into consideration the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th 1974). *Alexander*, 456 F. App'x at 399–400 (cleaned up).

Those factors include: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or

[2] *See generally* Order, ECF No. 123.
[3] Order Summ. J., ECF No. 220.
[4] Judgment, ECF No. 271.
[5] *See generally* Mot. Attorney Fees, ECF No. 275.

circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 718. Though a district court has broad discretion to weigh these factors, "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Importantly, there is a strong presumption that the requested lodestar amount is reasonable, meaning it should only be modified if exceptional circumstances warrant an adjustment. *Watkins*, 7 F.3d at 457.

## III. ANALYSIS

The Court has an obligation to ensure the reasonableness of the requested attorney's fees. *See Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir. 1987). After Reviewing AGCO's Motion for Attorney Fees, the affidavits of counsel James Vogt and Lisa Robertson, and the attached billing records, the Court's lodestar calculation leads it to conclude that AGCO is entitled to **<u>$54,494.02</u>** of the requested attorney fees.

This case originally, involved asserted claims for (1) fraud, (2) fraudulent inducement, (3) negligence, (4) violation of the Oklahoma Consumer Protection Act, (5) tort of civil conspiracy, (6) tort of outrage, (7) breach of the implied duty of good faith and fair dealing, (8) violation of the Texas Deceptive Trade Practices Act, (9) failure of essential purpose, and (10) breach of the warranty of description.[6] AGCO primarily bases its entitlement to attorney's fees on Oklahoma law and the terms of the Retail Installment Contract and Security Agreement.[7] But the law and contract provision cited only support attorney fees for two of the claims asserted in this case. Accordingly, the Court finds that AGCO has met its burden for the requested attorney

---

[6] *Id.* at 4–5.
[7] *Id.* at 2.

fees only as to two of the asserted claims: breach of the warranty of description and failure of essential purpose.[8]

AGCO asserts entitlement to a total of $67,177.70 in attorney fees.[9] Of that amount, $15,854.60 was incurred before June 28, 2021—when the Court dismissed all but the breach of the warranty of description and the failure of essential purpose claims.[10] The fees prior to June 28, 2021, were incurred by work done on attorney fee supporting claims and non-supporting claims alike. Because two of the ten claims were fee-supporting, the Court finds that it is reasonable to apportion 20% of the pre-June 28, 2021, fees to those claims—*i.e.* $3,170.92. Combined with the post-June 28, 2021, fees, AGCO is entitled **$54,494.02** in attorney fees.

The Court also finds that its loadstar calculation should not be adjusted further based on the *Johnson* factors.

## IV. CONCLUSION

For the forgoing reasons, AGCO's Motion for Attorney Fees (ECF No. 275) is **GRANTED in part**. Plaintiff is **ORDERED** to pay Defendant AGCO Finance LLC's attorney fees in the amount of **$54,494.02.** Any argument not expressly addressed herein would not have changed the outcome of the Court's decision.

**SO ORDERED** on this **16th day** of **September, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *Id.*
[9] *Id* at 12.
[10] Reply 5, ECF No. 326; Order, ECF No. 123.